UNITED STATES, Appellee,

v.

Specialist Gregory W. PAYNE,
072–52–1688, United States
Army, Appellant.

ACMR 8901124.

U.S. Army Court of Military Review.

7 Dec. 1989.

For Appellant: Captain Keith W. Sickendick, JAGC, Captain Cynthia G. Wright, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Clay E. Donnigan, JAGC (on brief).

Before FOREMAN, SMITH, and VARO, Appellate Military Judges.

## OPINION OF THE COURT

VARO, Judge:

Appellant was tried by a special court-martial, composed of officers and enlisted members, empowered to adjudge a bad-conduct discharge. He was convicted of disrespect to a noncommissioned officer, failure to obey a lawful order, wrongful possession of marijuana, and wrongful distribution of marijuana, violations of Articles 91, 92, and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 891, 892, and 912a (1982 & Supp. IV 1986) [hereinafter UCMJ]. His approved sentence provides for a bad-conduct discharge, forfeiture of $466.00 pay per month for six months, confinement for six months, and reduction to Private E1.

Appellant's conviction for violations of UCMJ, Articles 91 and 92, stem from a single incident when he fell out of a physi-

cal training run. He had earlier told his supervisor that he was having back problems and had used up his medication. At trial, the supervisor verified this conversation and stated he told the appellant to go to physical training anyway and then to emergency sick call. Soon after the start of the run, the appellant fell out and started to walk back to his barracks. He was approached by Sergeant First Class (SFC) J who asked if he had a problem. The appellant did not respond, and kept walking. SFC J then told appellant to return to his physical training formation but appellant continued to walk toward his barracks.

Two assignments of error have been raised from this incident. First, that because SFC J was neither known by the appellant, nor did he make his status known to the appellant, an essential element of the UCMJ, Article 91, offense has not been proven. Second, that the military judge should have instructed on the defense of mistake of fact regarding whether the appellant could have reasonably believed that his supervisor had given him permission to fall out if he was unable to complete the run.

■ With regard to Charge I and its Specification, the government presented no evidence which established that SFC J identified himself as a noncommissioned officer or that he was wearing any identifying rank insignia. Further, it was not established that the appellant knew SFC J personally or was aware of his status as a noncommissioned officer. As the government did not present any evidence on this essential element of the offense, we hold it was not proven beyond a reasonable doubt and the Charge and its Specification must be dismissed. Manual for Courts–Martial, United States, 1984, Part IV, paragraph 15b(3)(d) [hereinafter M.C.M., 1984].

■ The appellant also was convicted of failing to obey SFC J's order to return to the formation, in violation of the UCMJ, Article 92(2), which authorizes the punishment of anyone subject to the UCMJ who "having knowledge of any other lawful order issued by a member of the armed forces, which it is his duty to obey, fails to obey the order." An essential element of this offense is that the accused had knowledge of the order. M.C.M., 1984, Part IV, paragraph 16b(2)(b). Unlike violations of general regulations charged under UCMJ, Article 92(1), proof of a violation of UCMJ, Article 92(2), requires proof that the accused knew the substance of the order, and that he knew that the person giving the order had authority to give it. We do not suggest that every order must be preceded by a description of the speaker's authority. Rather, we merely hold that the government must prove, by whatever means appropriate, that an accused knew that the person giving the order had the authority to do so. Absent proof of such knowledge, there is no proof that the accused knew he had been given an order, and the requisite *mens rea* for a violation of UCMJ, Article 92(2), is missing. *See United States v. Pinkston*, 21 C.M.R. 22, 26 (C.M.A.1956).

■ In the case at bar, considering the discussion between the appellant and his supervisor regarding his back problems and our determination above that no evidence was presented regarding SFC J's status as a noncommissioned officer, we hold that the government has not shown that the appellant had the requisite *mens rea* to violate a lawful order. Therefore, Charge II and its Specification also must be dismissed.

Accordingly, the findings of guilty of Charges I and II and their Specifications are set aside and Charges I and II and their Specifications are dismissed. The remaining charges and specifications are affirmed.

■ Reassessing the sentence based on the remaining findings of guilty, the court approves only so much of the sentence as provides for a bad-conduct discharge, confinement for four months, forfeiture of $466.00 pay per month for four months, and reduction to Private E1.

Senior Judge FOREMAN and Judge SMITH concur.